## W. CHANDLER v. B. SCHERER.

1—Return of service in the following form is good : "Executed on the 13th of March, 1867, by delivering in person to the within named defendant, Willis Chandler, a true copy of this writ, and plaintiff's petition accompanying the same."

2—If a person who is served with process as a defendant, be not, in fact, the defendant, he can make an issue of fact on the question of his identity with the person sued ; and if he did not do that in the court below, this court must presume that the person against whom judgment was rendered in the court below was the true defendant, although the initial letter of his middle name be different in the judgment from that which is given in the petition.

3—If service of process has been had upon co-defendants, but one of them has been designated in the original petition by a wrong middle name, and the plaintiff corrects the mistake by an amendment of his petition, it is not necessary that new process or service be had on either defendant.

4—When the pleadings showed the true name of the defendant against whom the judgment was rendered, by a wrong name, the mistake in the judgment might be amended by the record at any time.

5—No revenue stamp is requisite upon an instrument made before the passage of the act of Congress imposing stamp duties.

ERROR from Fayette.   Tried below before the Hon. J. B. McFarland.

Scherer, the plaintiff below, sued Chandler as maker, and one Daniels as indorser of a promissory note, describing the latter in the original petition as J. *N.* Daniels, and citations so designating them issued for both.   After two or three returns of "not found," as to Daniels, the plaintiff amended and alleged that his true name was J. *M.* Daniels, and service was

duly returned. No second citation was issued for Chandler, who had been served with the original process, in which his co-defendant was slightly misnamed. Both defendants made default, and there was judgment thereon, but it followed the original petition in giving the name of the defendant Daniels as J. *N.*, instead of J. *M.*, as correctly given in the amendment.

Daniels did not join in the petition for writ of error. The opinion of this court shows all other facts.

*J. R. Burns*, for plaintiff in error.

*W. R. Jarmon*, for defendant in error.

Lindsay, J.—This was a suit against the maker and indorser of a promissory note for $111 07. The errors assigned are : 1. No sufficient service of the writ, or citation upon the appellant. 2. That the initial of the middle name of one defendant to the petition as amended, was different in the petition so amended and in the judgment. 3. That no additional citation was issued against the party served with process after the amendment of the petition setting forth the true name. 4. There was no revenue stamp upon the petition.

1. The service was "executed on the 13th of March, 1867, by delivering in person to the within named defendant, Willis Chandler, a true copy of this writ, and plaintiff's petition accompanying the same." This service is good. It was delivered not only *in person* by the officer, but *to the person* of the defendant, because he, the officer, says in his return that he delivered it to the within named defendant.

2. Such is the liberality of the system of pleading in this State, and the utter disregard of all technical precision in its requirements, that the statutes in relation to it are scarcely anything else than so many statutes of jeofail. Amendments are easily made, at almost any stage in the progress of a suit. And unless they are calculated to work an injury to the opposite party, no good reason can be seen why they should not be permissible at any time before final trial. In this case it seems

the amendment was made more to designate the real party upon whom the process was to be served than for any other reason ; and by such name he was afterwards served with process. If he were not the true party, when thus brought into court he might have made an issuable question upon his identity, and tested it before the court and jury. Having failed to do so, this court must presume he was the true man, and hold him to his admission.

3. The other party had already been served with process when the amendment was made, and is equally concluded with his co-defendant from urging such objection here. Besides, the mistake in the judgment, as to the middle name, was amendable by the record itself, and might have been made at any time, without affecting, in any serious way, the trial or the judgment.

4. The note sued upon was executed the 17th day of August, 1861, before the passage of the act of Congress requiring revenue stamps to be affixed to such instruments of writing. The want of such stamp could not, therefore, invalidate the note as an instrument of evidence, because of a law enacted after its execution. The judgment is a valid judgment against the appellant, as well as against his co-defendant, and is, consequently, affirmed.

Affirmed.